*Reed-Milton v. California Department of Rehabilitation, et al.*



**ALECIA REED-MILTON**
1950 Broadway, Apt. 3708, Oakland, CA 94612
Tel: (760) 681-3041 | Email: samale8177@gmail.com
**OCR Case No. 09264009**
*Plaintiff, Pro Se*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

**ALECIA REED-MILTON,**
    Plaintiff,
v.
**CALIFORNIA DEPARTMENT OF REHABILITATION (DOR); CALIFORNIA DEPARTMENT OF SOCIAL SERVICES (CDSS); CALIFORNIA CIVIL RIGHTS DEPARTMENT (CRD); CLIENT ASSISTANCE PROGRAM (CAP); KIM RUTLEDGE; VICTOR DURON; MARIA TURRUBIARTES; CAROL ASCH; DEYANIRE VILLACHICA; CARMEN RAMIREZ-FRANCO; GREGORY HOFFMAN; YUKIKO LONG; MARK GOULD; BRIAN HALL; RENE GARZA; JOSEPHINE TOLENTINO; KARA ANDRADE; CASEY COOK; JESSICA HATCHER; TANYA PULLEY; PATRICIA REYES; S. YOUNG; ROLAND ADAGON; ALJ McLAIN; and DOES 1-20,**
    Defendants.

Case No. _____ CV 26 00065 KAW

**COMPLAINT FOR VIOLATIONS OF:**
  ADA Title II (42 U.S.C. § 12131 et seq.)
  Section 504 (29 U.S.C. § 794)
  42 U.S.C. § 1983 (Due Process)
  42 U.S.C. § 1985(3) (Civil Conspiracy)
  20 U.S.C. § 1232g (FERPA)
  Defamation (Cal. Civ. Code § 44)
  Breach of Contract (IPE)
  IIED • Bane Act • Invasion of Privacy

**JURY TRIAL DEMANDED**
**DAMAGES SOUGHT: $2,000,000**
**EMERGENCY PRELIMINARY INJUNCTION REQUESTED**

### COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, DEFAMATION, BREACH OF CONTRACT, AND RELATED CLAIMS

Plaintiff ALECIA REED-MILTON, proceeding pro se, alleges as follows:

## I. NATURE OF THE ACTION

1. This civil rights action seeks declaratory and injunctive relief, **EMERGENCY PRELIMINARY INJUNCTION**, compensatory and punitive damages totaling $2,000,000, and costs for violations of Title II of the Americans with Disabilities Act (42 U.S.C. § 12131

et seq.), Section 504 of the Rehabilitation Act (29 U.S.C. § 794), federal vocational rehabilitation statutes (29 U.S.C. § 721), procedural due process (42 U.S.C. § 1983), civil conspiracy (42 U.S.C. § 1985(3)), FERPA (20 U.S.C. § 1232g), and state law claims for defamation, breach of contract, intentional infliction of emotional distress, invasion of privacy, and violation of California Civil Code § 52.1 (Bane Act).

2. **PLAINTIFF IS A DOMESTIC VIOLENCE SURVIVOR** in active trauma treatment (commenced September 11, 2025) who requires IMMEDIATE vocational rehabilitation services to complete her graduate education and achieve economic independence. Plaintiff is pursuing a legal career specifically to help other domestic violence survivors navigate the legal system.

3. This case involves the complete failure of every level of the system designed to protect individuals with disabilities. Front-line staff committed violations. Supervisors ratified them. Upper management was informed and failed to intervene. The Client Assistance Program (CAP) failed to provide mandated advocacy. Administrative Law Judges issued unauthorized rulings, denied emergency accommodations, CC'd respondent staff on denial orders, falsified case records, and failed to rule on pending motions before issuing final decisions. The California Civil Rights Department (CRD) closed Plaintiff's discrimination complaint without investigation or consent.

4. Defendants created written records proving their misconduct including: (a) explicit retaliation admission ("effectively sidelined"); (b) future-dated fraudulent IPE (signature dated 9 days in the future); (c) deleted official denial correspondence; (d) documented physical harm (stress-induced shingles); (e) FERPA violation (unauthorized contact with PLNU); (f) unauthorized file access; (g) "management coordination" conspiracy admission; (h) ACMS falsification ("Expedited Hearing Requested: No"); (i) unauthorized ALJ ruling CC'ing excluded staff; (j) broken authorization promise; (k) disability minimization (comparing Plaintiff unfavorably to other blind people); (l) ADA violation requiring family to substitute for accommodations; and (m) perjury at mediation regarding IPE changes.

5. Plaintiff maintains a 4.0 GPA in two simultaneous graduate programs (Master of Legal Studies at Pepperdine; Global MBA at PLNU) while Defendants denied over $20,000 in authorized services, threatened case closure, published 11+ defamatory statements to third parties, caused her to miss the October 31, 2025 LSAT deadline, forced her to use rent money for tutoring, and caused loss of Pepperdine residency and a lower grade due to lack of support.

6. Plaintiff exhausted administrative remedies including: CRD (Cases 202502-28024505, 202511-32103606, 202512-32752920); OCR (Case 09264009); RSA (filed December 31, 2025); and Fair Hearing (SHN-105202708, Mediation ID 01051318-15).

## II. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343; 42 U.S.C. §§ 12133, 1983; and 29 U.S.C. § 794a.

8. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over state law claims for defamation, breach of contract, IIED, invasion of privacy, and Bane Act violations arising from the same case or controversy.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) because substantial events occurred in this district and Plaintiff resides in Alameda County, Oakland, California.

## III. PARTIES

### A. Plaintiff

10. Plaintiff ALECIA REED-MILTON is an individual with disabilities under 42 U.S.C. § 12102 and 29 U.S.C. § 705(20), residing at 1950 Broadway, Apt. 3708, Oakland, CA 94611. DOR Case No. 556658. OCR Case No. 09264009.

11. Plaintiff's documented disabilities include: (a) Vogt-Koyanagi-Harada (VKH) Syndrome causing severe bilateral vision loss (UCSF, Dr. John A. Gonzales, MD); (b) visual field loss (left eye limited to central 10°; right eye restricted to 10° superiorly/inferiorly, 20° nasally, 5° temporally per October 13, 2025 testing); (c) hearing loss; (d) Major Depressive Disorder; (e) Generalized Anxiety Disorder; (f) OCD (diagnosed April 16, 2025).

12. Dr. Gonzales documented on October 27, 2025: "Ms. Reed-Milton is under my care at UCSF for Vogt-Koyanagi-Harada syndrome, a rare and chronic autoimmune condition affecting multiple organs... These restrictions represent severe vision compromise." He confirmed Plaintiff requires "6 to 8 hours daily, 5 to 6 days per week" of functional support as a "medical necessity."

13. **Plaintiff is a DOMESTIC VIOLENCE SURVIVOR** in active trauma treatment (commenced September 11, 2025), enrolled in the Master of Legal Studies (Pepperdine) and Global MBA (PLNU) programs maintaining a 4.0 GPA, with vocational goal of becoming a licensed attorney to help other domestic violence survivors. On October 3, 2024, Defendant Hoffman confirmed: "The DOR does support participants with higher education... a law degree is required to be a lawyer."

14. Plaintiff has a documented medical accommodation requiring **RECORDING OF ALL SESSIONS** with DOR staff due to her disabilities. Defendants have made recordings during sessions that Plaintiff is entitled to receive.

### B. Institutional Defendants

15. Defendant CALIFORNIA DEPARTMENT OF REHABILITATION (DOR) is a state agency receiving federal financial assistance under 29 U.S.C. § 720, subject to ADA Title II and Section 504.

16. Defendant CALIFORNIA DEPARTMENT OF SOCIAL SERVICES (CDSS) is the state agency operating the State Hearings Division responsible for fair hearings under 34 C.F.R. § 361.57.

17. Defendant CALIFORNIA CIVIL RIGHTS DEPARTMENT (CRD) is a state agency responsible for investigating civil rights complaints. CRD is sued for closing Plaintiff's Case No. 202511-32103606 on January 2, 2026 without Plaintiff's consent, without investigation, and without notice, thereby depriving Plaintiff of her right to administrative remedies and due process. (See Exhibit C.)

18. Defendant CLIENT ASSISTANCE PROGRAM (CAP) is the federally-mandated advocacy program under 29 U.S.C. § 732, which failed to provide required advocacy services.

### C. Individual Defendants

19. Defendant GREGORY HOFFMAN was Plaintiff's DOR Vocational Rehabilitation Counselor from September 2024 to January 2025, responsible for denying services, publishing defamatory statements, and initiating the pattern of discrimination. **Hoffman possesses confidential information about Plaintiff and made recordings during sessions.** Sued in individual and official capacity.

20. Defendant CARMEN RAMIREZ-FRANCO is Hoffman's supervisor, Team Manager at DOR Oakland, who ratified Hoffman's conduct, authored the "effectively sidelined" retaliation admission, and participated in the 7-official conspiracy. Sued in individual and official capacity.

21. Defendant DEYANIRE VILLACHICA was Plaintiff's replacement counselor who failed to issue Prior Written Notice for 12 consecutive months, accessed Plaintiff's file without authorization after transfer, and coordinated with other defendants. Sued in individual and official capacity.

22. Defendant PATRICIA REYES is a DOR employee who violated FERPA by contacting Point Loma Nazarene University without Plaintiff's consent between February and April 2025, disclosing confidential disability and VR information. Sued in individual and official capacity.

23. Defendants KIM RUTLEDGE, VICTOR DURON, MARIA TURRUBIARTES, CAROL ASCH, YUKIKO LONG, MARK GOULD, BRIAN HALL, RENE GARZA, JOSEPHINE TOLENTINO, KARA ANDRADE, CASEY COOK, JESSICA HATCHER, TANYA PULLEY, S. YOUNG, and ROLAND ADAGON are DOR supervisors and administrators who participated in the coordinated conspiracy and/or ratified the discriminatory conduct. Sued in individual and official capacity.

24. Defendant ALJ McLAIN presided over Fair Hearing SHN-105202708 and issued the November 13, 2025 decision containing errors of law, failed to rule on pending motions, CC'd excluded DOR staff on orders, and denied recording accommodations despite documented disability. Sued in individual and official capacity.

25. Defendants DOES 1-20 are individuals whose identities are presently unknown who participated in the violations alleged herein.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

26. Plaintiff has exhausted administrative remedies as follows:
    (a) OCR Complaint: Case No. 09264009;
    (b) CRD Complaints: Case Nos. 202502-28024505, 202511-32103606, 202512-32752920;
    (c) RSA Complaint: Filed December 31, 2025;
    (d) Fair Hearing: SHN-105202708 (Final Decision November 13, 2025);
    (e) Mediation: ID 01051318-15 (March 27, 2025, failed).

## V. FACTUAL ALLEGATIONS

### A. DOR's Initial Commitment and Subsequent Betrayal (2024)

27. On September 25, 2024, Plaintiff was accepted into DOR's Vocational Rehabilitation program under Case No. 556658.

28. On October 3, 2024, Defendant Hoffman confirmed in writing: "The DOR does support participants with higher education. For instance, a law degree is required to be a lawyer."

29. Between October and December 2024, Plaintiff submitted all required documentation including medical records from UCSF, accommodation requests, and vocational assessments.

### B. Pattern of Defamation (January 2025 - Present)

30. On January 17, 2025, Defendant Hoffman falsely accused Plaintiff of "misusing" TutorMe services. **Within 14 minutes, TutorMe representative Jenna Campisi corrected Hoffman in writing: "Good morning! It looks like she is using things correctly."** Despite this correction, Hoffman doubled down on his false accusation, demonstrating actual malice.

31. On March 27, 2025, at mediation (ID 01051318-15) before five witnesses, Defendants published multiple defamatory statements including:
    (a) False claims that Plaintiff's case was "complicated";
    (b) Minimization of Plaintiff's disabilities by comparing her unfavorably to "other blind people";
    (c) Perjury regarding IPE changes that never occurred.

32. On November 2-3, 2025, Defendant made statements expressing being "worried about mental health" regarding Plaintiff—**defamation per se** implying mental unfitness.

33. Defendants published at least **11 false statements** to third parties including DOR staff, CDSS personnel, mediators, and ALJs, damaging Plaintiff's reputation and interfering with her ability to obtain services.

### C. Retaliation and Conspiracy (January 2025)

34. On January 16, 2025, Plaintiff filed Fair Hearing Request SHN-105202708.

35. On January 17, 2025, Defendant Ramirez-Franco authored an email containing the admission: **"At this point in time, she will be effectively sidelined from our discussions**

and or actions concerning Ms. Reed-Milton['s] case." This constitutes direct evidence of retaliatory intent. (See Exhibit A.)

36. Within 24 hours of Plaintiff's January 16, 2025 ADA grievance, seven DOR officials coordinated response through "management coordination," demonstrating conspiracy to retaliate.

### D. FERPA Violation

37. Between February and April 2025, Defendant Patricia Reyes contacted Point Loma Nazarene University (PLNU) without Plaintiff's consent, disclosing confidential disability and vocational rehabilitation information in violation of 20 U.S.C. § 1232g and 34 C.F.R. § 361.38.

### E. Breach of IPE Contract

38. DOR created an Individualized Plan for Employment (IPE) constituting a **binding contract**. The IPE authorized tutoring, assistive technology, and other services.

39. Defendants **BREACHED THE IPE CONTRACT** by: (a) denying authorized tutoring services; (b) failing to provide assistive technology; (c) failing to issue Prior Written Notice for 12 consecutive months; (d) future-dating IPE signature by 9 days (fraud).

### F. CRD Improper Closure (January 2026)

40. On January 2, 2026, CRD closed Plaintiff's Case No. 202511-32103606 without investigation, without Plaintiff's consent, and without notice. The CRD portal shows status "New" (never investigated) and "Closed Date: 01/02/2026." Plaintiff never clicked the "Withdraw" button. (See Exhibit C.)

### G. EMERGENCY CIRCUMSTANCES: WHAT DEFENDANTS HAVE IGNORED

41. **Plaintiff is a DOMESTIC VIOLENCE SURVIVOR who requires IMMEDIATE services to complete her graduate education and achieve economic independence from her abuser.** Despite this, Defendants have systematically IGNORED:

> **(a) IGNORED:** Plaintiff's status as a domestic violence survivor requiring expedited services;
> **(b) IGNORED:** Dr. Gonzales' October 27, 2025 documentation of medical necessity for 6-8 hours daily support;
> **(c) IGNORED:** 12 consecutive months of requests for Prior Written Notice;
> **(d) IGNORED:** The IPE contract authorizing tutoring and assistive technology;
> **(e) IGNORED:** Plaintiff's deteriorating vision requiring immediate intervention;
> **(f) IGNORED:** Plaintiff's requests for recording accommodations per medical documentation;
> **(g) IGNORED:** Multiple complaints to supervisors and management;
> **(h) IGNORED:** OCR complaint findings;
> **(i) IGNORED:** Plaintiff's ADA grievances;
> **(j) IGNORED:** Fair Hearing request for expedited review.

42. As a direct result of Defendants IGNORING these critical needs, Plaintiff has been:
    (a) FORCED to use rent money for tutoring services DOR was obligated to provide;
    (b) CAUSED to miss the October 31, 2025 LSAT deadline, delaying her legal career by one year;
    (c) DENIED the Pepperdine residency opportunity;
    (d) GIVEN a lower grade due to lack of support;
    (e) CAUSED to develop stress-induced shingles (documented physical harm).

### H. Confidential Information and Recordings in Defendants' Possession

43. Defendants Hoffman, Ramirez-Franco, Villachica, and their team possess:
    (a) **RECORDINGS of sessions with Plaintiff** made pursuant to Plaintiff's medical accommodation for recording;
    (b) Confidential medical records and disability documentation;
    (c) Confidential vocational rehabilitation records;
    (d) Personal information about Plaintiff's domestic violence history;
    (e) Communications and notes from Plaintiff's case file.

44. Given Defendants' pattern of retaliation, defamation, and unauthorized disclosure (FERPA violation), Plaintiff has reasonable fear that Defendants will continue to misuse her confidential information unless restrained by this Court.

### I. Damages

45. As a direct and proximate result of Defendants' conduct, Plaintiff suffered:
    (a) Out-of-pocket expenses: $18,512.50+ (including tutoring paid from rent money);
    (b) Missed October 31, 2025 LSAT deadline (one year delay);
    (c) Loss of Pepperdine residency opportunity;
    (d) Lower grade due to lack of support;
    (e) Stress-induced shingles (documented physical harm);
    (f) Severe emotional distress;
    (g) Reputational damage from 11+ defamatory statements.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION: ADA Title II Discrimination (42 U.S.C. § 12132)

(Against DOR, CDSS, CRD, CAP)

46. Plaintiff incorporates all preceding paragraphs.
47. Plaintiff is a qualified individual with a disability. Defendants are public entities subject to ADA Title II. Defendants discriminated against Plaintiff by denying services, failing to provide reasonable accommodations, and denying benefits of their programs on the basis of disability.

### SECOND CAUSE OF ACTION: Section 504 Discrimination (29 U.S.C. § 794)

(Against DOR)

48. Plaintiff incorporates all preceding paragraphs.
49. DOR receives federal financial assistance under 29 U.S.C. § 720. DOR discriminated against Plaintiff solely by reason of her disability in violation of Section 504.

### THIRD CAUSE OF ACTION: Retaliation (42 U.S.C. § 12203)

(Against DOR, Individual Defendants)

50. Plaintiff incorporates all preceding paragraphs.
51. Plaintiff engaged in protected activity by filing Fair Hearing Request SHN-105202708 on January 16, 2025. Within 24 hours, Defendants retaliated by "effectively sidelin[ing]" Plaintiff, coordinating 7-official response, and denying services.

### FOURTH CAUSE OF ACTION: Due Process Violation (42 U.S.C. § 1983)

(Against All Defendants)

52. Plaintiff incorporates all preceding paragraphs.
53. Defendants, acting under color of state law, deprived Plaintiff of her property interest in VR services and her liberty interest in reputation without due process. Defendants failed to provide Prior Written Notice for 12 consecutive months, deleted official correspondence, and denied fair hearing rights.

### FIFTH CAUSE OF ACTION: Civil Conspiracy (42 U.S.C. § 1985(3))

(Against Individual Defendants)

54. Plaintiff incorporates all preceding paragraphs.
55. Within 24 hours of Plaintiff's ADA grievance, seven DOR officials coordinated through "management coordination" to deprive Plaintiff of equal protection and due process. This conspiracy was motivated by discriminatory animus based on Plaintiff's disability.

### SIXTH CAUSE OF ACTION: FERPA Violation (20 U.S.C. § 1232g)

(Against DOR, Patricia Reyes)

56. Plaintiff incorporates all preceding paragraphs.
57. Defendant Reyes disclosed Plaintiff's confidential education and disability records to PLNU without consent in violation of FERPA and 34 C.F.R. § 361.38.

### SEVENTH CAUSE OF ACTION: DEFAMATION (Cal. Civ. Code § 44)

(Against Hoffman, Ramirez-Franco, Individual Defendants)

58. Plaintiff incorporates all preceding paragraphs.
59. Defendants published **11+ false statements** of fact to third parties, including:
    **(a) January 17, 2025:** False tutoring "misuse" accusation (corrected by Jenna Campisi within 14 minutes — Defendant continued, proving actual malice);
    **(b) March 27, 2025:** False statements at mediation before 5 witnesses;
    **(c) November 2-3, 2025:** "worried about mental health" (defamation per se).

60. Defendants acted with **ACTUAL MALICE**—Hoffman continued his false accusations even after TutorMe's written correction within 14 minutes.

### EIGHTH CAUSE OF ACTION: BREACH OF CONTRACT (IPE)

(Against DOR)

61. Plaintiff incorporates all preceding paragraphs.
62. The IPE constitutes a **BINDING CONTRACT** between Plaintiff and DOR.
63. DOR **BREACHED THE CONTRACT** by:
    (a) Denying authorized tutoring services;
    (b) Failing to provide assistive technology;
    (c) Failing to issue Prior Written Notice for 12 consecutive months;
    (d) Future-dating IPE signature by 9 days (fraud).

### NINTH CAUSE OF ACTION: Intentional Infliction of Emotional Distress

(Against Individual Defendants)

64. Plaintiff incorporates all preceding paragraphs.
65. Defendants' conduct was extreme and outrageous—retaliating against a multiply-disabled domestic violence survivor, publishing defamatory statements, and causing documented physical harm (shingles).

### TENTH CAUSE OF ACTION: Bane Act (Cal. Civ. Code § 52.1)

(Against Individual Defendants)

66. Plaintiff incorporates all preceding paragraphs.
67. Defendants interfered with Plaintiff's constitutional and statutory rights through threats, intimidation, and coercion.

### ELEVENTH CAUSE OF ACTION: Invasion of Privacy

(Against DOR, Patricia Reyes)

68. Plaintiff incorporates all preceding paragraphs.
69. Defendants disclosed Plaintiff's confidential medical, disability, and vocational rehabilitation information without consent.

**TWELFTH CAUSE OF ACTION: Due Process Violation (42 U.S.C. § 1983)**

(Against CRD)

70. Plaintiff incorporates all preceding paragraphs.
71. CRD, acting under color of state law, deprived Plaintiff of her property interest in administrative investigation of her civil rights complaint without notice or opportunity to be heard. CRD closed Case No. 202511-32103606 on January 2, 2026 without investigation, without consent, and without notice.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. DECLARE that Defendants violated the ADA, Section 504, FERPA, and Plaintiff's constitutional rights;

**2. GRANT EMERGENCY PRELIMINARY INJUNCTION ordering Defendants to IMMEDIATELY:**
    (a) Authorize 6-8 hours daily tutoring per Dr. Gonzales' medical necessity determination;
    (b) Provide all assistive technology authorized in the IPE;
    (c) Reimburse Plaintiff $18,512.50+ paid out-of-pocket;
    (d) Cease all retaliatory conduct;
    (e) Cease all contact between Plaintiff and individual Defendants;

**3. ORDER PROTECTIVE MEASURES regarding Defendants Hoffman, Ramirez-Franco, Villachica, and their team:**
    (a) **PROVIDE Plaintiff with complete copies of ALL RECORDINGS made during sessions** pursuant to Plaintiff's medical accommodation for recording;
    (b) CERTIFY in writing that no copies of recordings have been retained, shared, or disseminated;
    (c) CERTIFY in writing a complete inventory of all confidential information accessed;
    (d) PROHIBIT these Defendants from accessing Plaintiff's DOR file, ACMS records, or any case information;
    (e) PROHIBIT these Defendants from communicating about Plaintiff with any DOR staff, external agencies, or third parties;

**4. ORDER CLEAN CASE TRANSFER:**
    (a) Assign Plaintiff's case to a DOR district office with NO personnel who have had prior contact with Plaintiff or any Defendant;
    (b) Ensure complete handover of all case files, recordings, and documentation to new office;
    (c) Assign new counselor with no connection to Oakland office or any individual Defendant;

5. ORDER CRD to reopen and investigate Case No. 202511-32103606;

6. AWARD compensatory damages in the amount of $2,000,000;

7. AWARD punitive damages against Individual Defendants;

8. AWARD attorneys' fees and costs pursuant to 42 U.S.C. § 12205 and 29 U.S.C. § 794a;

9. GRANT such other relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 4, 2026 *[signature]*

*Reed-Milton v. California Department of Rehabilitation, et al.*

Oakland, California

Respectfully Submitted,

[signature]

**ALECIA REED-MILTON**
Plaintiff, Pro Se
1950 Broadway, Apt. 3708
Oakland, CA 94612
Tel: (760) 681-3041
Email: samale8177@gmail.com

Reed-Milton v. California Department of Rehabilitation, et al.

## EXHIBIT LIST

**EXHIBIT A:** "Effectively Sidelined" Email (January 17, 2025) — Direct evidence of retaliation

**EXHIBIT B:** Jenna Campisi TutorMe Correction (January 17, 2025) — Proof of false defamatory statement corrected in 14 minutes

**EXHIBIT C:** CRD Portal Screenshot (January 3, 2026) — Improper case closure without consent

**EXHIBIT D:** Dr. Gonzales Medical Documentation (October 27, 2025) — Medical necessity for 6-8 hours daily support

**EXHIBIT E:** IPE Agreement — Contract showing authorized services breached by DOR

**EXHIBIT F:** Future-Dated IPE Signature — Evidence of fraud (signature dated 9 days in future)

**EXHIBIT G:** Fair Hearing Decision (November 13, 2025) — SHN-105202708

**EXHIBIT H:** "Management Coordination" Email — 7-official conspiracy within 24 hours

**EXHIBIT I:** ACMS Falsification Screenshot — "Expedited Hearing Requested: No"

**EXHIBIT J:** Hoffman October 3, 2024 Email — DOR supports law degree

**EXHIBIT K:** Damages Documentation — $18,512.50+ receipts

**EXHIBIT L:** Medical Records — Stress-induced shingles

**EXHIBIT M:** Recording Accommodation Documentation — Medical note requiring recording of sessions