UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALECIA REED-MILTON,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF<br>REHABILITATION, et al.,<br><br>Defendants. | Case No.  26-cv-00065-JSC<br><br>**ORDER RE: 28 U.S.C. 1915<br>SCREENING AND OTHER MOTIONS**<br><br>Re: Dkt. Nos. 4, 5, 10, 13, 17, 18 |

Plaintiff, proceeding in forma pauperis without attorney representation, sues California agencies and employees for federal and state civil rights and statutory violations.  (Dkt. No. 17.)[1] Before the Court are Plaintiff's emergency ex parte motions for preliminary injunction and immediate relief, (Dkt. Nos. 4, 5), motion for a temporary restraining order, (Dkt. No. 10), request for an expedited discovery communication plan, (Dkt. No. 13), and emergency motion for a protective order, (Dkt. No. 18).  The Court previously granted Plaintiff's application to proceed in forma pauperis and held her motions for emergency injunctive relief in abeyance pending the Court's review of her complaint pursuant to 28 U.S.C. § 1915.  (Dkt. No. 11.)  The Court now screens Plaintiff's complaint pursuant to 28 U.S.C. § 1915, DISMISSES Plaintiff's complaint, and in light of the dismissal, DENIES Plaintiff's other pending motions.

In sum, Plaintiff's Fifth, Sixth, Eighth, Ninth, and Tenth Causes of Action fail because there is no private right of action under the Due Process Clause, 18 U.S.C. § 1512, the Health Insurance Portability and Accountability Act ("HIPAA"), the Family Educational Rights and Privacy Act ("FERPA"), or 29 U.S.C. § 732.  As to Plaintiff's Third, Fourth, and Fifteenth Causes

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

of Action, the Eleventh Amendment prevents Plaintiff from asserting 42 U.S.C. § 1983 or 42 U.S.C. § 1985 monetary claims against California state agency Defendants, and—as to the remaining Defendants—Plaintiff has not identified which individual Defendant violated her constitutional rights.  The Court also dismisses Plaintiff's First, Second, and Seventh Causes of Action under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act because she has not plausibly alleged her exclusion from services or denial of benefits because of her disability, or that her pursuit of ADA rights caused Defendants' retaliation.  As a result, Plaintiff has not plausibly alleged a claim under federal law to establish subject matter jurisdiction, and the Court declines to exercise supplemental jurisdiction over her state law claims in her Sixth, Eleventh, Twelfth, Thirteenth, Fourteenth, and Sixteenth Causes of Action.

**BACKGROUND**

**I.    COMPLAINT ALLEGATIONS**

Plaintiff, an African American woman who lives in Oakland, is a domestic violence survivor and a graduate student maintaining a 4.0 grade point average at Pepperdine University and Point Loma Nazarene University.  (Dkt. No. 17 ¶ 1.)  Plaintiff is legally blind; has documented hearing loss; and has been diagnosed with major depressive disorder, generalized anxiety disorder, and obsessive-compulsive disorder, which requires "flexible, ongoing, and not time-limited" accommodations.  (*Id.* ¶¶ 1, 36.)  Plaintiff's physicians recommended several accommodations, including "one-on-one tutoring" for eight hours per week; no "fixed hour caps" for LSAT preparation; TestMasters for LSAT preparation; "recording accommodation[s];" "a laptop with accessibility software;" "six-to-seven [] hours of daily in-home support;" and accounting "for unpredictable flares" in "exams, submissions, and proceedings."  (*Id.* ¶¶ 37-45.)  The California Department of Rehabilitation ("DOR") has denied or otherwise refused to provide these requested accommodations.  (*Id.*)

In January 2025, "Plaintiff formally escalated concerns outside her counselor" and provided DOR "Consumer Affairs [] actual notice."  (*Id.* ¶ 46.)  However, "the same patterns of delays, missing Prior Written Notices, and ADA accommodation failures continued through 2026."  (*Id.* ¶ 49.)  Between February and April 2025, DOR issued two checks to Plaintiff to cover

United States District Court
Northern District of California

LSAT prep courses and fees "without Plaintiff's informed consent, without prior written notice, and while the IPE alignment was actively disputed." (*Id.* ¶¶ 50-54.)

On August 21, 2025, Plaintiff attended an IPE meeting where she "was denied the right to record despite her documented disabilities" and "signed the IPE under pressure due to impending academic deadlines." (*Id.* ¶¶ 55-56.) However, "DOR did not sign the IPE until November 13, 2025." (*Id.* ¶ 57.) Then, on August 28, 2025, "Defendant Ramirez imposed a 'Communication Plan' on Plaintiff that severely restricted Plaintiff's ability to communicate with DOR personnel," thereby "punish[ing] Plaintiff for symptoms of her disability" such as "[h]er need for clarity and frequent communication." (*Id.* ¶¶ 59-61.)

After "Plaintiff's former perpetrator, a convicted felon for domestic violence, made direct contact with Plaintiff" in June 2025, she relocated with her child. (*Id.* ¶¶ 62-63.) However, on October 24, 2025, "DOR suffered a data breach that exposed Plaintiff's personal information, including her new confidential address." (*Id.* ¶ 64.) "Plaintiff is deeply concerned that the data breach . . . may have again exposed her location." (*Id.* ¶ 66.)

After Plaintiff filed a Fair Hearing Request with DOR Appeals, she appeared on November 3, 2025 before ALJ Roland Adagon. (*Id.* ¶¶ 68-69.) "ALJs Lisa McLain and S. Young (Serena Young) received Plaintiff's evidence and motions but did not forward them to ALJ Adagon." (*Id.* ¶ 70.) "On November 13, 2025, ALJ Adagon issued a decision without reviewing Plaintiff's evidence. Plaintiff's motions were never ruled on. [The California Department of Social Services ("CDSS")] adopted this decision without proper review." (*Id.* ¶ 71.) The DOR Appeals Desk refused to reopen Plaintiff's case. (*Id.* ¶¶ 72-73.)

On December 26, 2025, DOR's Office of Civil Rights issued a Notice of Closure for a complaint filed on August 17, 2023, although "Plaintiff never filed or authorized a DOR OCR complaint in 2023." (*Id.* ¶¶ 74-76.) Also in December 2025, Plaintiff filed a complaint with the California Civil Rights Department ("CRD") regarding disability discrimination, but they "improperly closed Plaintiff's complaint under a false 'withdrawal' rationale," and "failed to conduct an interview, review evidence, or follow FEHA procedures." (*Id.* ¶¶ 77-79.) On December 30, 2025, Plaintiff submitted a Public Records Act request to the Office of Inspector

General, but despite the statutory deadline, "OIG has failed to issue a lawful determination, failed to produce any records, failed to identify any exemption, and failed to provide a date-certain for production." (*Id.* ¶¶ 80-85.)

"On December 29-30, 2025, Plaintiff submitted complaints to the Rehabilitation Services Administration and other federal oversight agencies documenting fraud and misconduct," and on January 5, 2026, filed this lawsuit. (*Id.* ¶¶ 86-87.) "On January 6, 2026, one day after Plaintiff filed suit, Defendant Ramirez sent Plaintiff a threatening email characterizing her communications with federal oversight agencies as 'excessive' and 'unacceptable,' issuing a 'FINAL WARNING,' and threatening 'IMMEDIATE CASE CLOSURE' if Plaintiff continued contacting oversight agencies." (*Id.* ¶ 88.) In addition, on January 8, 2026, "Defendants Villachica and Hoffman sent coordinated emails containing false statements," including Villachica's false characterization of Plaintiff's email as a "case transfer request," and statement "no other DOR Counselors or Supervisors are able to effectively manage your case." (*Id.* ¶ 90.) In addition, "Hoffman falsely claimed Plaintiff had not provided residency documentation despite receiving it on November 26, 2025." (*Id.*)

On January 7, 2026, after Plaintiff filed a motion for a temporary restraining order, "Defendants sent an 'approval' for TestMasters LSAT preparation services." (*Id.* ¶ 92.) However, TestMasters informed Plaintiff DOR authorized a package with 80 hours, although Plaintiff requested 100 hours based on medical documentations. (*Id.* ¶ 93.)

"Tanya Pulley, Jessica Hatcher, and Casey Cook accessed Plaintiff's protected medical information and case file without signing a Release of Information, in violation of HIPAA," and "Patricia Reyes accessed and disclosed Plaintiffs educational records without consent, in violation of FERPA." (*Id.* ¶¶ 97-98.)

Although Disability Rights California ("DRC"), Connie Chu, Lauren Giardina, and Andy Imparato "are statutorily required to advocate for vocational rehabilitation consumers," DRC attorneys failed to act, including at Plaintiff's November 3, 2025 Fair Hearing. (*Id.* ¶¶ 99-100.)

The Department of General Services ("DGS") rejected Plaintiff's claim pursuant to the California Government Claims Act, "including evidence of the $610.00 in unauthorized checks."

4

(*Id.* ¶¶ 101-103.)

Although Plaintiff's classes have begun, "DOR has not provided required textbooks," and "claims services are 'approved' but refuses to execute vendor contracts" like TutorMe tutoring." (*Id.* ¶¶ 104-105.)  Plaintiff has paid for some tutoring out of pocket already, and has future payments she must make, but "DOR now refuses to load funds onto Plaintiff's active CPC card." (*Id.* ¶¶ 106-109.)

## II.    PROCEDURAL HISTORY

On January 5, 2026, Plaintiff filed an initial complaint, moved for leave to proceed in forma pauperis, and filed two ex parte motions for emergency injunctive relief.  (Dkt. Nos. 1, 2, 4, 5.)  On January 6, 2026, Plaintiff moved for a temporary restraining order ("TRO").  (Dkt. No. 10.)  The Court granted Plaintiff's application to proceed in forma pauperis.  (Dkt. No. 11.) However, because Plaintiff is proceeding in forma pauperis and was not entitled to ex parte relief, the Court held Plaintiff's motions for a preliminary injunction or TRO in abeyance pending its 28 U.S.C. § 1915 review of Plaintiff's complaint.  (*Id.*)  Plaintiff then filed an amended complaint, a request for expedited discovery, discovery requests, and a supplemental brief supporting her motion for a TRO.  (Dkt. Nos. 12, 13, 14, 15.)

She subsequently filed another amended complaint suing DOR, Office of Administrative Hearings ("OAH"), CDSS, DGS, CRD, DRC, Kim Rutledge, Victor Duron, Carol Asch, Maria Turrubiartes, Carmen Ramirez-Franco, Deyanire Villachica, Yukiko Long, Gregory Hoffman, Mark Gould, Kara Andrade, Patricia Reyes, Tanya Pulley, Jessica Hatcher, Casey Cook, Kevin Peaches, Roland Adagon, Lisa McLain, Serena Young, Christin Miller, Connie Chu, Lauren Giardina, and Andy Imparato.  (Dkt. No. 17 ¶¶ 2-29.)  Plaintiff's amended complaint asserts causes of action for:

(1) Rehabilitation Act section 504 violations, 29 U.S.C. § 794;

(2) ADA Tile II violations, 42 U.S.C. § 12132;

(3) Constitutional violations under 42 U.S.C. § 1983;

(4) 42 U.S.C. § 1985 violations;

(5) Fourteenth Amendment Due Process violations;

United States District Court
Northern District of California

(6) Witness intimidation under 18 U.S.C. § 1512 and Cal. Penal Code § 136.1;

(7) Retaliation under 29 U.S.C. § 794(d) and 42 U.S.C. § 12203;

(8) HIPPA violations, 45 C.F.R. § 164.502;

(9) FERPA violations, 20 U.S.C. § 1232g;

(10) Breach of statutory duty, 29 U.S.C. § 732;

(11) Fraud, Cal. Civ. Code § 1709;

(12) Negligence;

 (13) Intentional infliction of emotional distress;

(14) Bane Act violations, Cal. Civ. Code § 52.1;

(15) Constitutional violations under 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978); and

(16) California Public Records Act violations, Cal. Gov't Code § 6253.

(*Id.* ¶¶ 128-163.)  Plaintiff seeks (i) compensatory, punitive, and emotional distress damages; (ii) injunctive relief including ordering services, reimbursement and payments to vendors, and ongoing security measures; and (iii) declaratory relief.  (*Id.* at 22-23.)

Plaintiff also filed a declaration supporting her prior motions, an emergency motion for a protective order, a response to the Court's prior order, a petition for a writ of mandamus, and further exhibits.  (Dkt. Nos. 16, 18, 19, 20, 21.)

<strong>DISCUSSION</strong>

### I.    28 U.S.C. § 1915 SCREENING

Under 28 U.S.C. § 1915, a plaintiff may prosecute an action in federal court in forma pauperis if they are able to demonstrate they are unable to pay court fees or security.  After granting in forma pauperis status, the Court must screen the complaint to determine its eligibility for prosecution.  *See* 28 U.S.C. § 1915(e)(2).  A court must dismiss a case if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  *See* 28 U.S.C. § 1915(e)(2)(B).  In screening a complaint under § 1915, the reviewing court must apply the same standard as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) to determine if the

United States District Court<br>Northern District of California

6

United States District Court
Northern District of California

complaint fails to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Under this standard, a complaint should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp v. Twombly*, 550 U.S. 544, 547 (2007). A plaintiff also fails to state a claim when her complaint is based solely on conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

### A.      Private Rights of Action

"[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) (quotation marks and citation omitted). Instead, "[a] plaintiff may only bring a cause of action to enforce a federal law if the law provides a private right of action." *Nisqually Indian Tribe v. Gregoire*, 623 F.3d 923, 929 (9th Cir. 2010) (citation omitted). "The ability to bring a private right of action may be authorized by the explicit statutory text or, in some instances, may be implied from the statutory text." *Id.* (citation omitted). "However, an implied right of action is only authorized when there is clear evidence Congress intended such a right to be part of the statute." *Id.* (citation omitted). "The burden is on the plaintiff seeking to establish that a private right of action exists." *Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang*, 376 F.3d 831, 835 (9th Cir. 2004) (citation omitted).

Plaintiff's Fifth Cause of Action for violations of the Fourteenth Amendment's Due Process Clause fails because "Plaintiff has no cause of action directly under the United States Constitution." *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). Instead, "a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983." *Id.* (citations omitted).

Plaintiff's Sixth Cause of Action for Witness Intimidation under 18 U.S.C. § 1512 fails because 18 U.S.C. § 1512 is a criminal statute which does not include a private right of action. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("[C]riminal provisions . . . provide no basis for civil liability." (citations omitted)); *see also Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming dismissal of 18 U.S.C. §§ 241 and 242 claims "because

these are criminal statutes that do not give rise to civil liability").

Plaintiff's Eighth Cause of Action asserts violations of HIPAA regulation 45 C.F.R. § 164.502, which sets general rules for uses and disclosures of protected health information. However, "HIPAA itself provides no private right of action." *Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007). And, although "[l]anguage in a regulation may invoke a private right of action that Congress through statutory text created, [] it may not create a right that Congress has not." *Alexander v. Sandoval*, 532 U.S. 275, 291 (2001) (citation omitted). So, Plaintiff's Eighth Cause of Action also fails because Plaintiff does not have a right of action.

Plaintiff's Ninth Cause of Action, asserting FERPA violations, 20 U.S.C. § 1232g, also fails because FERPA does not include a private right of action. *See Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*, 980 F. Supp. 2d 1160, 1182 (E.D. Cal. 2013) ("Whether directly or as part of an action under 42 U.S.C. § 1983, an individual may not bring suit to enforce the provisions of FERPA." (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 287 (2002) ("[T]here is no question that FERPA's nondisclosure provisions fail to confer enforceable rights."))).

Plaintiff's Tenth Cause of Action alleges DRC and its attorneys breached their statutory duties "to assist vocational rehabilitation consumers" under 29 U.S.C. § 732. (Dkt. No. 17 ¶¶ 150-151.) Section 732 "governs client assistance programs established by states receiving federal funds." *Sohn v. California Housing Fin. Agency*, No. 20-CV-03780-BLF, 2021 WL 3173301, at *5 (N.D. Cal. July 27, 2021). Specifically, section 732(a) directs the Secretary of Labor to "make grants to States to establish and carry out client assistance programs to provide assistance in informing and advising all clients and client applicants of all available benefits under this chapter, . . . and, upon request of such clients or client applicants, to assist and advocate for such clients or applicants in their relationships with projects, programs, and services provided under this chapter." 29 U.S.C. § 732(a). The subsequent provisions outline requirements for states receiving funds and deploying them to a client assistance program, as well as a process to appropriate funds between states. *Id.* § 732(b)-(h). However, section 732 does not include any explicit private right of action for individuals who may benefit from client assistance programs' services. *See Nisqually Indian Tribe*, 623 F.3d at 929. And, because section 732 "is phrased as a directive to federal agencies

United States District Court
Northern District of California

8

engaged in the distribution of public funds, . . . there is far less reason to infer a private remedy in favor of individual persons." *Alexander v. Sandoval*, 532 U.S. 275, 289 (2001); *see also Nisqually Indian Tribe*, 623 F.3d at 929 ("[A]n implied right of action is only authorized when there is clear evidence Congress intended such a right to be part of the statute.").[2] So, there is no private right of action for 29 U.S.C. § 732 violations, and Plaintiff's Tenth Cause of Action fails.

So, the Court dismisses Plaintiff's Fifth Cause of Action, Sixth Cause of Action under 18 U.S.C. § 1512, Eighth Cause of Action, Ninth Cause of Action, and Tenth Cause of Action because they rely on constitutional and statutory violations which do not have a private right of action. The Court dismisses these claims without leave to amend because Plaintiff cannot allege facts which could cure the absence of a private right of action. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A] district court may dismiss without leave where a plaintiff's [] amendments would fail to cure the pleading deficiencies and amendment would be futile.").

### B.    Claims Based on Constitutional Violations

#### 1.    Claims Against State Agencies

The Eleventh Amendment provides "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has interpreted the Eleventh Amendment to immunize states from lawsuits in federal court. *See, e.g.*, *Blatchford v. Native Vill. of Noatak*, 501 U.S. 775, 779 (1991) (citing *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)). Eleventh Amendment "immunity extends not just to suits in which the state itself is a named party but also to those against an 'arm of the [s]tate.'" *Kohn v. State Bar of California*, 87 F.4th 1021, 1026 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 1465 (2024) (quoting *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274,

---

[2] Although section 732 is part of the Rehabilitation Act, Rehabilitation Act section 504 provides a "private right of action for individuals subjected to disability discrimination by any program or activity receiving federal assistance." *See Fleming v. Yuna Reg'l Med. Ctr.*, 587 F.3d 938, 940 (9th Cir. 2009) (citations omitted); *see also* 29 U.S.C. § 794(a). Plaintiff's Tenth Cause of Action, however, does not allege DRC or its attorneys discriminated against her based on her disabilities, so she cannot rely on section 504's private right of action for her Tenth Cause of Action.

United States District Court
Northern District of California

280 (1977)).  So, the Eleventh Amendment bars individuals from suing a state or an arm of the state unless the state has waived its sovereign immunity or Congress has abrogated that immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984).

Plaintiff asserts a section 1985 claim against all Defendants, including DOR, OAH, CDSS, DGS, and CRD; and a section 1983 *Monell* claim against DOR.  All of these Defendants are California agencies and arms of the state entitled to Eleventh Amendment immunity.  *See Avila v. State of California*, No. 8:19-00613 JVS (ADS), 2021 WL 518710, at *3 (C.D. Cal. Jan. 4, 2021), *report and recommendation adopted sub nom. Avila v. California*, No. 8:19-00613 JVS (ADS), 2021 WL 515385 (C.D. Cal. Feb. 10, 2021), *appeal dismissed*, No. 21-55712, 2021 WL 9540025 (9th Cir. Oct. 15, 2021), *cert. denied*, 143 S. Ct. 244 (2022) ("As a state agency, California DOR is immune."); *Guess v. Contra Costa Cmty. Coll. Dist.*, No. 12-CV-02829-YGR, 2016 WL 5930628, at *4 (N.D. Cal. Oct. 12, 2016) ("OAH is a subdivision of the California Department of General Services, a state agency. . . Thus, OAH has Eleventh Amendment immunity."); *Genevier v. U.S. Citizenship & Immigration Servs.*, 144 F. App'x 586, 587 (9th Cir. 2005) ("The district court properly dismissed Genevier's claims against CDSS because, as an arm of the state, it is entitled to Eleventh Amendment immunity."); *Whiting v. California C.R. Dep't*, No. EDCV 24-01032 JWH (RAO), 2024 WL 4003177, at *3 (C.D. Cal. June 27, 2024) ("As to CRD, the State of California is generally immune in federal lawsuits under the Eleventh Amendment.").

Furthermore, "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, . . . and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity."  *Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999) (quotation marks and citations omitted). "California has [also] not waived its immunity for claims brought under . . . Section 1985, and Congress has not abrogated that immunity."  *See Johnson v. California*, No. 24-CV-3735-JGB (AS), 2024 WL 5185407, at *5 (C.D. Cal. Nov. 8, 2024) (citing *Cerrato v. San Francisco Comm. Coll. Dist.*, 26 F.3d 968, 975 (9th Cir. 1994) ("[T]he Eleventh Amendment [also] bars [a plaintiff's] section 1985 . . . claims.")).

The Eleventh Amendment therefore bars Plaintiff's section 1985 claim against DOR,

United States District Court
Northern District of California

10

OAH, CDSS, DGS, and CRD, and Plaintiff's section 1983 *Monell* claim against DOR.  So, the Court dismisses Plaintiff's Fourth Cause of Action against the state agency Defendants and Plaintiff's Fifteenth Cause of Action to the extent she seeks monetary relief without prejudice to bringing the claims in state court, but without leave to amend in this federal action.

### 2.    Section 1983 Claim

42 U.S.C. § 1983 creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  "Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by government officials." *Id.*  To state a Section 1983 claim, a plaintiff must allege a government official (1) acted "under color of state law," and (2) "the action resulted in the deprivation of a constitutional right or federal statutory right." *Id.* (quotation marks and citation omitted).

"In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation." *Id.*  Therefore, a plaintiff must allege a specific government official's "actions were both the actual and proximate cause" of her injuries.  *See White v. Roper*, 901 F.2d 1501, 1505 (9th Cir. 1990); *see also Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1998) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.").  A plaintiff cannot "hold an officer liable because of his membership in a group without a showing of individual participation in the unlawful conduct." *Jones*, 297 F.3d at 935 (citation omitted).

Plaintiff alleges all individual Defendants "acting under color of state law, deprived Plaintiff of rights secured by the Constitution and federal law, including due process, equal protection, and rights under the Rehabilitation Act and ADA."  (Dkt. No. 17 at 19.)  As an initial matter, Plaintiff "cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act." *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).  Furthermore, Plaintiff's section 1983 claims based on violations of due process and equal protection fail

11

United States District Court
Northern District of California

because Plaintiff does not allege how each individual defendant caused a deprivation of her constitutional rights. *See Jones*, 297 F.3d at 934; *White*, 901 F.2d at 1505. So, Plaintiff has not plausibly alleged any individual defendant violated section 1983.

So, the Court dismisses Plaintiff's Third Cause of Action with leave to amend except as to her section 1983 claims based on violations of ADA or Rehabilitation Act rights.

### 3.    Section 1985 Claim

"Section 1985 proscribes conspiracies to interfere with certain civil rights." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). To state a Section 1985(3) claim, Plaintiffs must allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (quotation marks and citation omitted). As to the first element, "[a] mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi*, 839 F.2d at 626; *see also Frazier v. Int'l Longshoremen's Union Local No. 10*, 116 F.3d 1485 (Table), 1997 WL 349139, at *3 (9th Cir. June 24, 1997) (requiring facts supporting "an inference either of racial animus or a 'meeting of the minds'"). A plaintiff must also allege "a deprivation of [a] right motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Sever*, 978 F.2d at 1536 (quotation marks and citation omitted).

In addition, "to state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983." *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 930 (9th Cir. 2004) (citation omitted); *see also Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005) ("The absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations." (cleaned up)).

Plaintiff alleges "Defendants conspired to deprive Plaintiff of equal protection and civil rights." (Dkt. No. 17 ¶ 139.) However, Plaintiff's section 1985 claim fails because she has not plausibly alleged a violation of her constitutional rights under section 1983. *See Olsen*, 363 F.3d

at 930.  However, Plaintiff also fails to allege Defendants' deprivation of her rights was "motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Sever*, 978 F.2d at 1536 (quotation marks and citation omitted).  And Plaintiff does not include the "factual specificity" necessary to allege a conspiracy, such as the agreement Defendants formed or how they aimed to deprive her of "equal protection" or "equal privileges and immunities under the laws." *See id.*; *Karim-Panahi*, 839 F.2d at 626.

So, the Court dismisses Plaintiff's Fourth Cause of Action with leave to amend, except as to her section 1985 claims against DOR, OAH, CDSS, DGS, and CRD because, as explained above, they are barred by the Eleventh Amendment.

### C.    Rehabilitation Act and ADA Claims

"Title II of the ADA, the title applicable to public services, provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, *or be subjected to discrimination by any such entity*." *K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088, 1096 (9th Cir. 2013) (citing 42 U.S.C. §§ 12132, 12134).  Section 504 of the Rehabilitation Act "bars the exclusion of individuals with disabilities from any program or activity receiving federal funds." *Id.* at 1098 (citing 29 U.S.C. § 794(a)).  "[T]here is no significant difference in the analysis of rights and obligations created by" Section 504 of the Rehabilitation Act and Title II of the ADA.  *Id.* (quotation marks and citation omitted).

To state a claim under Title II of the ADA, a plaintiff must allege: "'(1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Updike v. Multnomah Cnty.*, 870 F.3d 939, 949 (9th Cir. 2017) (quotation marks and citation omitted).  A plaintiff must make similar allegations for a Section 504 claim, "with the additional requirement that the plaintiff prove that 'the program receives federal financial assistance." *Payan v. Los Angeles Cmty. Coll. Dist.,* 11 F.4th 729, 738 (9th Cir. 2021) (citation omitted).  Ultimately, the ADA's prohibition against discrimination "is universally understood as

a requirement to provide 'meaningful access.'" *Lonberg v. City of Riverside*, 571 F.3d 846, 851 (9th Cir. 2009).  It therefore requires "*reasonable* modifications necessary to correct for instances in which qualified disabled people are prevented from enjoying 'meaningful access' to a benefit because of their disability." *Mark H. v. Lemahieu*, 513 F.3d 922, 937 (9th Cir. 2008) (citation omitted).

Plaintiff sues DOR under Rehabilitation Act Section 504, 29 U.S.C. § 794, and DOR, OAH, CDSS, DGS, and CRD under ADA Title II, 42 U.S.C. § 12132, for failing to provide or denying reasonable accommodations.  (Dkt. No. 17 ¶¶ 128-135.)  Plaintiff's complaint alleges several disabilities and requested accommodations which Defendants have not granted.  However, Plaintiff must also include facts supporting a plausible inference she was "excluded from participation or denied the benefits of a public entity's services, programs, or activities . . . because of [her] disability," *Updike*, 870 F.3d at 949, or was "prevented from enjoying 'meaningful access' to a benefit because of [her] disability," *Mark H.*, 513 F.3d at 937.  Because Plaintiff does not specify what benefits or services she was denied because of Defendants' failure to accommodate her disabilities, she has not plausibly alleged a Rehabilitation Act or ADA Title II claim.

Plaintiff also sues DOR, Ramirez, Villachica, and Hoffman for retaliation under 29 U.S.C. § 794(d) and 42 U.S.C. § 12203 and alleges they "retaliated against Plaintiff for exercising her rights under disability rights laws, for filing complaints with oversight agencies, and for filing this federal lawsuit."  (Dkt. No. 17 ¶¶ 144-145.)  ADA Section 12203 provides: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."  42 U.S.C. § 12203(a).  To state a prima facie claim for retaliation under the ADA, the plaintiff must demonstrate: (1) "involvement in a protected activity," (2) an adverse action, and (3) "a causal link between the two." *Brown v. City of Tucson*, 336 F.3d 1181, 1187 (9th Cir. 2003).  "Pursuing one's rights under the ADA constitutes a protected activity." *Pardi v. Kaiser Found. Hosp.*, 389 F.3d 840, 849 (9th Cir. 2004).

Plaintiff alleges after she "submitted complaints to the Rehabilitation Services

United States District Court
Northern District of California

Administration and other federal oversight agencies documenting fraud and misconduct" and "filed this federal civil rights lawsuit," Carmen Ramirez-Franco sent an email threatening immediate case closure if she continued contacting federal oversight agencies, Deyanire Villachica sent an email characterizing Plaintiff's email as a "case transfer request," and Gregory Hoffman "claimed Plaintiff had not provided residency documentation." (Dkt. No. 17 ¶¶ 86-91.) Although "[p]ursuing one's rights under the ADA constitutes a protected activity," Plaintiff alleges her complaints to the Rehabilitation Services Administration and federal oversight agencies addressed "fraud and misconduct," rather than her ADA rights. *See Pardi*, 389 F.3d at 849. So, she has not plausibly alleged her complaints to federal oversight agencies constituted "involvement in a protected activity." *See Brown*, 336 F.3d at 1187. In contrast, because this lawsuit asserts claims for ADA violations, Plaintiff has plausibly alleged her filing the lawsuit constitutes involvement in a protected activity. However, Plaintiff has not alleged facts that support a plausible inference Defendants knew about this lawsuit, and the Court has not yet ordered service of Plaintiff's complaint. At a minimum, absent allegations that support a plausible inference Defendants knew about Plaintiff's protected activity, Plaintiff cannot plausibly allege Defendants' adverse actions constituted retaliation. *See Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003) (holding for Title VII retaliation claim, causation may be inferred from temporal proximity, but "the plaintiff must make some showing . . . defendant was aware that the plaintiff had engaged in protected activity"); *see also Pardi*, 389 F.3d at 850 n.5 (noting an ADA retaliation claim is analyzed under the same framework as a Title VII retaliation claim). So, Plaintiff has not plausibly alleged a retaliation claim.

The Court therefore dismisses Plaintiff's First, Second, and Seventh Causes of Action with leave to amend.

### D.      State Law Claims

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331," which is known as "federal-

question jurisdiction," and "cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a)," which is known as diversity jurisdiction. *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 437-38 (2019). In addition, courts with subject matter jurisdiction may exercise supplemental jurisdiction over related state law claims. *See* 28 U.S.C. § 1367(a). The party who seeks federal jurisdiction "bears the burden of establishing subject matter jurisdiction." *Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997).

Plaintiff alleges the Court has federal question jurisdiction over her federal law claims and supplemental jurisdiction over her state law claims. (Dkt. No. 17 ¶¶ 31-32.) However, for the reasons explained above, Plaintiff has not plausibly alleged a federal law claim and therefore cannot establish federal subject matter jurisdiction. In addition, because Plaintiff is a California citizen and many of—if not all—Defendants are California citizens, the Court does not have diversity subject matter jurisdiction. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (explaining diversity jurisdiction requires "complete diversity of citizenship," meaning "the citizenship of each plaintiff is diverse from the citizenship of each defendant"). So, in the absence of a viable federal claim, the Court does not have subject matter jurisdiction.

Because Plaintiff has not pled a viable federal claim, the Court declines to exercise supplemental jurisdiction over her state law claims at this time. *See* 28 U.S.C. § 1367(c); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir.), *supplemented*, 121 F.3d 714 (9th Cir. 1997), *as amended* (Oct. 1, 1997) (explaining state law claims should be dismissed if federal law claims are dismissed before trial).

So, the Court dismisses Plaintiff's Sixth Cause of Action for witness intimidation under Cal. Penal Code § 136.1, Eleventh Cause of Action for fraud under Cal. Civ. Code § 1709, Twelfth Cause of Action for negligence, Thirteenth Cause of Action for intentional infliction of emotional distress, Fourteenth Cause of Action under the Bane Act, Cal. Civ. Code § 52.1, and Sixteenth Cause of Action under the California Public Records Act, Cal. Gov't Code § 6253. To the extent Plaintiff can plausibly allege a federal law claim based on related facts to warrant the Court's supplemental jurisdiction, she may amend her state law claims.

16

United States District Court
Northern District of California

## II.    OTHER PENDING MOTIONS

A party seeking a preliminary injunction or a temporary restraining order ("TRO") must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are 'substantially identical.'" (citation omitted)).  Because Plaintiff's amended complaint does not plausibly state any claims for relief, she has not shown she "is likely to succeed on the merits." *Winter*, 555 U.S. at 20.  So, the Court DENIES Plaintiff's motions for a preliminary injunction and for a temporary restraining order.

Plaintiff also moves for expedited discovery and a protective order.  However, both these motions require service on Defendants.  And because Plaintiff is proceeding in forma pauperis, the Court must find Plaintiff's complaint states a claim upon which relief can be granted before ordering service on Defendants.  *See* 28 U.S.C. §§ 1915(d), 1915(e)(2).  So, the Court DENIES these motions without prejudice to Plaintiff refiling them once the Court has ordered service of her complaint on Defendants.

## CONCLUSION

For the reasons stated above, the Court DISMISSES Plaintiff's complaint and DENIES Plaintiff's motions for a preliminary injunction, temporary restraining order, expedited discovery, and a protective order.

Plaintiff may file an amended complaint which addresses the flaws identified in this Order, except that Plaintiff may not amend (1) her Due Process Clause, 18 U.S.C. § 1512 witness intimidation, HIPAA, FERPA, and 29 U.S.C. § 732 claims; (2) her section 1983 *Monell* claims and section 1985 claims for monetary relief against DOR, OAH, CDSS, DGS, and CRD; or (3) her section 1983 claims based on ADA or Rehabilitation Act violations.  Plaintiff must file an amended complaint by **March 26, 2026**.  If Plaintiff does not file an amended complaint by that date, the Court will enter judgment in Defendants' favor.

Finally, as Plaintiff is proceeding without counsel, the Court directs her attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at http://cand.uscourts.gov/proselitigants.  Plaintiff may also contact the Legal Help Center via telephone: (415)-782-8982, or email: fedpro@sfbar.org for free assistance regarding her claims.

This Order disposes of Docket Nos. 4, 5, 10, 13, and 18.

**IT IS SO ORDERED.**

Dated: February 25, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California