United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALECIA REED-MILTON,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF
REHABILITATION, et al.,

Defendants.

Case No.  26-cv-00065-JSC

**ORDER RE: MOTION FOR
TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

Re: Dkt. No. 24

Plaintiff, proceeding in forma pauperis without attorney representation, sues the California Department of Rehabilitation ("DOR") and DOR employees Gregory Hoffman, Carmen Ramirez-Franco, Deyanire Villachica, and Mark Gould for civil rights violations.  (Dkt. No. 23.)[1]  Plaintiff now moves for a temporary restraining order ("TRO") and preliminary injunction.  (Dkt. No. 24.) The Court DENIES Plaintiff's motion for a TRO and preliminary injunction.  The Court cannot grant Plaintiff's motion for a preliminary injunction because Defendants have not yet been served. The Court also denies Plaintiff's motion for a TRO because she has not shown she is entitled to an ex parte TRO, and the Court does not have the power to order Plaintiff's requested relief as part of a TRO.

**BACKGROUND**

I.    **RELEVANT FACTS**

Plaintiff is a "44-year-old legally blind graduate student with four documented disabilities: Vogt-Koyanagi-Harada (VKH) autoimmune disease causing progressive visual impairment; bilateral sensorineural hearing loss confirmed by UCSF Audiology; bilateral visual field loss

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

confirmed by Goldmann perimetry; and obsessive-compulsive disorder." (Dkt. No. 24 at 1.)

DOR and its employees have refused to provide several of Plaintiff's requested services. First, although UCSF audiologists "provided letters to DOR on March 12, 2026 documenting that Plaintiff's hearing aid care must remain coordinated at UCSF," Mr. Gould "refused to authorize UCSF as an approved vendor" and "has not funded the prescribed hearing aids." (*Id.* at 2.) Second, "DOR issued purchase orders" for 11 textbooks necessary for Plaintiff to access her graduate course content. (*Id.* at 2-3.) Third, on April 17 and 18, 2026, Plaintiff has a "mandatory in-person residency at Pepperdine University," which is "required for degree completion." (*Id.* at 3.) Although "Plaintiff has requested funding and logistical support for this residency on multiple occasions," "DOR has not confirmed travel authorization, lodging, transportation, accessibility accommodations, CART real-time captioning, or any other support." (*Id.*) Fourth, although in December 2025, DOR authorized TestMasters LSAT preparation, "no payment has been received from DOR." (*Id.* at 5.) Fifth, Mr. Gould denied transportation for Plaintiff's "monthly intravenous biologic infusion treatments," "characterizing VKH infusion treatment as general medical care unrelated to vocational goals." (*Id.*) And sixth, on April 3, 2026, Mr. Hoffman "sent Plaintiff a written communication confirming that DOR will not process any services whatsoever . . . because Plaintiff rescinded unauthorized ROI forms." (*Id.*)

## II.   PROCEDURAL HISTORY

On January 5, 2026, Plaintiff filed an initial complaint, moved for leave to proceed in forma pauperis, and filed two ex parte motions for emergency injunctive relief. (Dkt. Nos. 1, 2, 4, 5.) On January 6, 2026, Plaintiff moved for a TRO. (Dkt. No. 10.) The Court granted Plaintiff's application to proceed in forma pauperis. (Dkt. No. 11.) However, because Plaintiff is proceeding in forma pauperis and was not entitled to ex parte relief, the Court held Plaintiff's motions for a preliminary injunction or TRO in abeyance pending its 28 U.S.C. § 1915 review of Plaintiff's complaint. (*Id.*) Plaintiff then filed an amended complaint, a request for expedited discovery, discovery requests, and a supplemental brief supporting her motion for a TRO. (Dkt. Nos. 12, 13, 14, 15.)

She then filed another amended complaint suing DOR, the Office of Administrative

2

Hearings ("OAH"), the California Department of Social Services ("CDSS"), the Department of General Services ("DGS"), Civil Rights Department ("CRD"), Disability Rights California ("DRC"), Kim Rutledge, Victor Duron, Carol Asch, Maria Turrubiartes, Carmen Ramirez-Franco, Deyanire Villachica, Yukiko Long, Gregory Hoffman, Mark Gould, Kara Andrade, Patricia Reyes, Tanya Pulley, Jessica Hatcher, Casey Cook, Kevin Peaches, Roland Adagon, Lisa McLain, Serena Young, Christin Miller, Connie Chu, Lauren Giardina, and Andy Imparato.  (Dkt. No. 17 ¶¶ 2-29.)  Plaintiff's amended complaint asserted 16 causes of action under federal and state law. (*Id.* ¶¶ 128-163.)  Plaintiff also filed a declaration supporting her prior motions, an emergency motion for a protective order, a response to the Court's prior order, a petition for a writ of mandamus, and further exhibits.  (Dkt. Nos. 16, 18, 19, 20, 21.)

On February 25, 2026, pursuant to 28 U.S.C. § 1915, the Court screened and dismissed Plaintiff's amended complaint with leave to amend.  (Dkt. No. 22.)  Plaintiff then filed an amended complaint asserting claims against DOR, Mr. Hoffman, Ms. Ramirez-Franco, Ms. Villachica, and Mr. Gould for (1) violations of Americans with Disabilities Act ("ADA") Title II, 42 U.S.C. § 12131; (2) violations of Rehabilitation Act section 504, 29 U.S.C. § 794; (3) retaliation in violation of the ADA and Rehabilitation Act; (4)-(5) violations of her constitutional and statutory rights, 42 U.S.C. § 1983; (6) defamation; (7) breach of contract and promissory estoppel; (8) violations of California's Information Practices Act, Cal. Civ. Code § 1798; (9) conspiracy to deprive her of constitutional rights, 42 U.S.C. § 1985(3); (10) fraud; (11) negligence; (12) intentional infliction of emotional distress; and (13) violations of the Bane Act, Cal. Civ. Code § 52.1.  (Dkt. No. 23.)  After screening Plaintiff's amended complaint, the Court ordered service on Defendants.  (Dkt. No. 24.)  Plaintiff now moves again for a TRO and preliminary injunction.  (Dkt. No. 24.)

## DISCUSSION

To obtain a preliminary injunction, a plaintiff generally must establish: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations

United States District Court
Northern District of California

omitted).  The standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction.  *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (quotation marks and citation omitted).

## I.    NOTICE TO DEFENDANTS

As the Court previously explained, courts "may not issue a preliminary injunction without notice and an opportunity to be heard for an adverse party."  *See People of State of Cal. ex rel. Van De Kamp v. Tahoe Reg'l Planning Agency*, 766 F.2d 1319, 1322 (9th Cir. 1985) (citing Fed. R. Civ. P. 65), *amended on other grounds*, 775 F.2d 998 (9th Cir. 1985).  So, "a motion for a preliminary injunction cannot be decided until the parties to the action are served."  *Willingham v. Hennessey*, No. C 11-1688 YGR (PR), 2013 WL 5371935, at *1 (N.D. Cal. Sept. 24, 2013) (citing *Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983)) (denying motion for a preliminary injunction and directing the plaintiff "not to file a renewed motion for a preliminary injunction until the parties are served").  Although on April 6, 2026, the Court ordered service of Plaintiff's complaint upon Defendants, (Dkt. No. 25), Defendants have not yet been served.  So, the Court denies without prejudice Plaintiff's renewed motion for a preliminary injunction.

Although a TRO may sometimes be issued ex parte, meaning without notice to the adverse party, there are "very few circumstances justifying the issuance of an ex parte TRO."  *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).  "For example, an ex parte TRO may be appropriate where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing, . . . [or] because notice to the defendant would render fruitless the further prosecution of the action."  *Id.* (quotation marks and citation omitted).  Regardless, under Federal Rule of Civil Procedure 65(b)(1):

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  Because Plaintiff's present TRO motion does not "certif[y] in writing

any efforts made to give notice" to Defendants or explain "the reasons why [notice] should not be required," Fed. R. Civ. P. 65(b)(1), the Court denies Plaintiff's motion for an ex parte TRO.

## II.    RELIEF SOUGHT

Furthermore, "[t]he purpose of a TRO is to preserve the status quo pending a full hearing on a preliminary injunction." *Bronco Wine Co. v. U.S. Dep't of Treasury*, 997 F. Supp. 1309, 1313 (E.D. Cal. 1996) (citing *Los Angeles Mem. Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980)).  So, relief granted by "a TRO 'should be restricted to . . . preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing.'" *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).  The status quo "refers not simply to any situation before the filing of a lawsuit, but instead to the last uncontested status which preceded the pending controversy." *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) (quotation marks and citations omitted).

A court therefore "cannot grant pursuant to a temporary restraining order" relief "request[ing] [] changes to the *status quo*." *Smith v. Kernan*, No. CV 18-06513-AB (ADS), 2018 WL 9536630, at *2 (C.D. Cal. Aug. 15, 2018).  For example, a court cannot issue a TRO requiring a plaintiff "be housed in a single-cell, requiring prescription of certain medication, and requiring he no longer be forced to go to the kitchen," *id.*; "rescinding Defendant's revocation of his Medicare enrollment and billing privileges," *Mansur H. Lee, M.D. v. Robert F. Kennedy, Jr.*, No. 8:25-CV-02190-DOC-KES, 2025 WL 4058221, at *2 (C.D. Cal. Oct. 10, 2025); or "directing that [the plaintiff] be moved back in" to a program he was evicted from, *Gilbert v. Sacramento Self Help Hous.*, No. 2:22-CV-02091-MCE-KJN, 2022 WL 17822142, at *5 (E.D. Cal. Dec. 20, 2022).

Here, Plaintiff seeks a TRO requiring Defendants to, within seven days of the order:

> a. Authorize and fund hearing aids at UCSF audiology as prescribed by Dr. John Gonzales, MD and Troy Cascia, AuD, consistent with the physicians' written recommendation that hearing aid care remain coordinated at UCSF;

> b. Process delivery of all outstanding textbooks under purchase orders PO537604518 and PO537604479, including the ten books identified

in Section III.B of this motion, in accessible PDF format via VitalSource consistent with Plaintiffs documented visual disability;

c. Confirm and fund travel, lodging, transportation, and accessibility accommodations including CART real-time captioning for the mandatory Pepperdine University residency on April 17-18, 2026, and send Plaintiff the narrowly tailored Pepperdine-specific ROI she has offered to sign for this limited purpose;

d. Complete TestMasters vendor onboarding, execute the vendor contract, and load the CPC card under Authorization DSF537729078 so that LSAT preparation services may commence immediately, consistent with Plaintiffs treating physicians' four-month preparation recommendation;

e. Authorize and fund transportation for Plaintiffs monthly UCSF VKH infusion treatments and issue Prior Written Notices for the March 10 and March 12, 2026, transportation denials as required under Cal. Code Regs. tit. 9, § 7098; and

f. Process all services already authorized under existing IPE purchase orders and authorizations without conditioning said processing on Plaintiffs execution of additional Release of Information forms whose scope and legal basis have not been disclosed to Plaintiff in writing, consistent with Plaintiffs rights under 34 C.F.R. § 361.38 and the California Information Practices Act.

(Dkt. No. 24 at 6-7.)  Plaintiff's TRO motion therefore asks the Court to order Defendants to take affirmative steps to authorize, fund, process, and complete services for Plaintiff.  However, this relief goes beyond returning Plaintiff to "the last uncontested status which preceded the pending controversy," *see GoTo.com, Inc.*, 202 F.3d at 1210, and is not limited to "preserving the status quo," *see E. Bay Sanctuary Covenant*, 932 F.3d at 779.  So, the Court denies Plaintiff's motion for a TRO because the Court cannot order Plaintiff's requested relief.

Although the Court has denied Plaintiff's motion for a preliminary injunction, the Court also notes it will be difficult for Plaintiff to show she is entitled to a preliminary injunction which orders Defendants to affirmatively act.  Preliminary injunctive relief "can take two forms." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878 (9th Cir. 2009). Most common is a "prohibitory injunction," which "prohibits a party from taking action and 'preserve[s] the status quo pending a determination of the action on the merits.'" *Id.* at 878-79 (quoting *Chalk v. U.S. Dist. Court*, 840 F.2d 701, 704 (9th Cir. 1988)); *see also Heckler v. Lopez*, 463 U.S. 1328, 1333 (1983) (explaining a prohibitory injunction "freezes the positions of the parties until the court can hear the case on the merits").  In contrast, a "mandatory injunction

United States District Court
Northern District of California

orders a responsible party to take action." *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 879 (cleaned up).  Because "[a] mandatory injunction goes well beyond simply maintaining the status quo pendente lite, [it] is particularly disfavored." *Id.* (cleaned up).  So, "mandatory injunctions 'are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages.'" *Id.* (quoting *Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1980)).  And a plaintiff seeking mandatory injunctive relief therefore must show not only a likelihood of success on the merits but that "the law and facts *clearly favor* her position." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (quotation marks and citations omitted).  Because Plaintiff's present motion for a preliminary injunction asks the Court to order Defendants to authorize, fund, process, and confirm various services, Plaintiff seeks a mandatory injunction.  So, if Plaintiff renews her motion for a preliminary injunction, she will need to show "extreme or very serious damage will result," "the injury complained of is [not] capable of compensation in damages," *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 879 (cleaned up), and "the law and facts *clearly favor* her position," *Garcia*, 786 F.3d at 740.

**CONCLUSION**

So, for the reasons stated above, the Court DENIES Plaintiff's motion for a TRO and for a preliminary injunction.  Plaintiff may bring a renewed motion for a preliminary injunction after Defendants have been served.

In addition, as Plaintiff is without representation by a lawyer, the Court directs her attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at https://www.cand.uscourts.gov/pro-se-litigants/. The Court also encourages Plaintiff to contact the Legal Help Center for free assistance; she can make an appointment by calling 415-782- 8982 or emailing fedpro@sfbar.org.

This Order disposes of Docket No. 24.

//

//

//

**IT IS SO ORDERED.**

Dated: April 7, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge