UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALECIA REED-MILTON,
Plaintiff,

v.

CALIFORNIA DEPARTMENT OF REHABILITATION, et al.,
Defendants.

Case No. 3:26-cv-00065-JSC

**ORDER RE: SECOND MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION TO EXTEND TIME**

Re: Dkt. Nos. 29, 30, 45, 46

Ms. Reed-Milton, proceeding in forma pauperis without attorney representation, sues the California Department of Rehabilitation ("DOR") and four of its employees for federal and state civil rights and statutory violations. (Dkt. No. 23.)[1] Before the Court are Ms. Reed-Milton's renewed motion for a temporary restraining order (Dkt. Nos. 29, 30), motion to extend time (Dkt. No. 45), and administrative motion to file Exhibit A under seal. (Dkt. No. 46.) The Court previously screened Ms. Reed-Milton's complaint pursuant to 28 U.S.C. § 1915 and dismissed the complaint. (Dkt. No. 22). Ms. Reed-Milton then filed this amended complaint asserting claims against only DOR, Gregory Hoffman, Carmen Ramirez-Franco, Deyanire Villachica, and Mark Gould. (Dkt. No. 23.)

The Court DENIES Ms. Reed-Milton's motion for a temporary restraining order, DISMISSES AS MOOT her motion to extend time, and GRANTS her motion to seal.

/

/

/

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

United States District Court
Northern District of California

United States District Court
Northern District of California

## ANALYSIS

### I. TEMPORARY RESTRAINING ORDER

Ms. Reed-Milton moves for a temporary restraining order ("TRO"), (Dkt. Nos. 29, 30), and a preliminary injunction. (Dkt. No. 23.) A party seeking a TRO must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are 'substantially identical.'" (citation omitted)). Given the issues with her amended complaint not currently plausibly pleading viable claims, Ms. Reed-Milton has not shown she "is likely to succeed on the merits." *Winter*, 555 U.S. at 20. So, the Court DENIES Plaintiff's motions for a preliminary injunction and for a temporary restraining order.

### II. EXTENDED TIME TO SUBMIT OPPOSITION

Ms. Reed-Milton also moves for extended time to submit her opposition to Defendants' motion to dismiss. (Dkt. No. 45.) However, the day after filing the motion and before the Court ruled on the motion, Ms. Reed-Milton submitted her opposition brief. (*See* Dkt. No. 48.) Both parties agree that Ms. Reed-Milton's motion is now moot. (*See* Dkt. No. 49 at 1 ("[H]er motion for an extension of time to file that brief should be denied as moot."); Dkt. No. 52 at 1 ("The extension issue is therefore moot as a practical matter.").). Because Ms. Reed-Milton timely opposed Defendants' motion to dismiss, the Court DENIES the motion for an extension as moot.

### III. MOTION TO SEAL

Finally, Ms. Reed-Milton moves to seal material submitted with her motion for extended time. (Dkt. No. 46.) There is a right of public access to judicial records and documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). In considering motions to seal, "a strong presumption in favor of access is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (cleaned up). So, parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of

action," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption of access with "compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79 (cleaned up). However, records attached to "nondispositive motions" which are "not related, or only tangentially related, to the merits of a case," are not subject to the strong presumption of access and must instead meet a lower "good cause" standard. *See Ctr. for Auto Safety*, 809 F.3d at 1098-99.

In addition, under Civil Local Rule 79-5, sealing is only permitted when the parties have established "the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." N.D. Cal. Civ. L.R. 79-5(c)(1); *see also FTC v. Microsoft Corp.*, No. 23-cv02880-JSC, 2023 WL 5186252, at * 2 (N.D. Cal. Aug. 11, 2023) ("[Rule 79-5] supplements the 'compelling reasons' standard."). Civil Local Rule 79-5 also requires the parties to "narrowly tailor[]" their requests only to the sealable material. N.D. Cal. Civ. L.R. at 79-5(c)(3). Thus, although sometimes it may be appropriate to seal a document in its entirety, whenever possible a party must redact. *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear").

Here, because Plaintiff's request relates to her motion to extend time, a nondispositive motion only tangentially related to the merits of the case, the motion is subject to the lower "good cause" standard. *See Ctr. for Auto Safety*, 809 F.3d at 1098-99. So while Ms. Reed-Milton put "certain aspects of [her] medical condition at issue" in the present action, "that does not mean that the entirety of [her] medical records filed in connection with a motion . . . need be unnecessarily broadcast to the public." *Williams v. Marks*, No. 3:17-cv-00355-MMD-WGC, 2019 WL 6348444, at *2 (D. Nev. Nov. 26, 2019). The Court therefore finds there is good cause to seal materials pertaining to Ms. Reed-Milton's medical record and GRANTS the motion to seal.

/

/

United States District Court
Northern District of California

**CONCLUSION**

For the reasons stated above, the Court DENIES Ms. Reed-Milton's motion for a temporary restraining order, GRANTS her motion to seal, and DISMISSES AS MOOT her motion to extend time.

This order disposes of Docket Nos. 29, 30, 45, 46.

**IT IS SO ORDERED.**

Dated: September 10, 2026

JACQUELINE SCOTT CORLEY
United States District Judge